1   Michael K. Brown (SBN 104252)
    mkbrown@reedsmith.com
2   Lisa M. Baird (SBN 179958)
    lbaird@reedsmith.com
3   Mildred Segura (SBN 210850)
    msegura@reedsmith.com
4   Elizabeth G. Minerd (SBN 260971)
    eminerd@reedsmith.com
5   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
6   Los Angeles, CA  90071

7   Telephone:   213.457.8000
    Facsimile:   213.457.8080
8
    Attorneys for Defendants
9   Medtronic, Inc., and Medtronic Sofamor
    Danek USA, Inc.

10

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11                  UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13   CARMELA VITALE, an individual, | Case No. |
| 14                      Plaintiff, | [Removal from the Superior Court of California, County of Los Angeles, Case No. BC524044] |
| 15   vs. | |
| 16   MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK USA, INC.; and | **DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC SOFAMOR DANEK USA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |
| 17   DOES 1-100, inclusive, | |
| 18                      Defendants. | |
| 19 | Complaint Filed:  October 10, 2013 |
| 20 | [Filed concurrently with: |
| 21 | 1.   Civil Cover Sheet; 2.   Certification of Interested Parties; 3.   Corporate Disclosure Statement; and |
| 22 | 4.   Demand for Jury Trial] |

23

24

25

26

27

28

US_ACTIVE-117974239

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2  **THE CENTRAL DISTRICT OF CALIFORNIA:**

3     PLEASE TAKE NOTICE THAT Defendants Medtronic Inc. and Medtronic

4  Sofamor Danek USA, Inc. (collectively, "Medtronic Defendants") hereby remove this

5  action from the Superior Court of the State of California, Los Angeles, to the United

6  States District Court for the Central District of California.  Removal is based on 28

7  U.S.C. §§ 1332, 1441 and 1446.  In support of this Notice of Removal, the Medtronic

8  Defendants state as follows:

9  **I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE**

10     **SATISFIED**

11     **A.     This Notice Of Removal Is Timely**

12     1.     On or about October 10, 2013, seven plaintiffs commenced this action in

13  the Superior Court of the State of California for the County of Los Angeles, entitled

14  *Vitale, et al. v. Medtronic, Inc., et al.*, Case No. BC524044, against Defendants

15  Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., and Dr. Gary K. Michelson.

16     2.     The Complaint asserted that the plaintiffs were citizens of the states of

17  California, Tennessee, Washington, Alabama, Puerto Rico, Colorado, and New York.

18  [*Ex. 3, Compl., ¶¶ 14-20*]

19     3.     The Complaint further asserted that the defendants were citizens of

20  California, Tennessee, and Minnesota.  [*Ex. 3, Compl., ¶¶ 21-23*]

21     4.     On October 16, 2013, the Medtronic Defendants removed this action to

22  the Central District of California, Case No. 2:13-cv-07653-RGK-AGR, asserting that

23  Dr. Michelson, the sole California Defendant, was fraudulently joined and that

24  Plaintiff Tammy James, the sole Tennessee Plaintiff, was fraudulently misjoined.  [*Ex.*

25  *5*]

26     5.     On December 3, 2013, Judge R. Gary Klausner of the Central District of

27  California remanded this action to Los Angeles Superior Court because Plaintiff

28  Tammy James and Defendant Medtronic Sofamor Danek USA, Inc. were both citizens

DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC SOFAMOR DANEK USA, INC.'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    of Tennessee.  [*See Ex. 26*]

2         6.    On January 8, 2014, the Medtronic Defendants filed in Los Angeles

3    Superior Court, a (1) Motion To Sever Plaintiffs' Claims, and (2) Motion To Dismiss

4    (Or Stay) Claims Of Out-Of-State Plaintiffs Based On *Forum Non Conveniens*.

5    Through these motions, the Medtronic Defendants asked the court to sever each

6    plaintiff's claims from one another and to dismiss the claims of each of the plaintiffs

7    who resided outside of California.  [*See Exs. 30 and 31*]

8         7.    On January 21, 2014, Plaintiffs dismissed Dr. Michelson from this action.

9    [*See Ex. 33*]

10        8.    On May 13, 2014, Judge Terry Green of the Los Angeles Superior Court

11   granted the Medtronic Defendants' Motion to Sever Plaintiffs' Claims and Motion to

12   Dismiss (Or Stay) Claims Of Out-Of-State Plaintiffs Based On *Forum Non*

13   *Conveniens*.

14        9.    As a result of Judge Green's Order and Plaintiff's dismissal of Dr.

15   Michelson, the parties remaining in this action are Plaintiff Carmela Vitale, a

16   California citizen, and Defendants Medtronic, Inc. and Medtronic Sofamor Danek

17   USA, Inc., citizens of Minnesota and Tennessee respectively.[1]

18        10.   Under 28 U.S.C. § 1446(b)(3), this Notice of Removal must be filed

19   "within thirty days after receipt by the defendant, through service or otherwise, of a

20   copy of an amended pleading, motion, order or other paper from which it may first be

21   ascertained that the case is one which is or has become removable."  This Notice is

22   timely because the Medtronic Defendants are filing it within thirty days of receipt of

23   the Los Angeles Superior Court's May 13, 2014 Order severing the plaintiff's claims

24   and dismissing all but the first-named plaintiff, Carmela Vitale.

25        11.   This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1)

26   _____

27   [1]   Medtronic notes that the caption of this Notice of Removal reflects the current
     status of the parties following the dismissal of Dr. Michelson and the out-of-state
     plaintiffs.

28

DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC SOFAMOR DANEK USA, INC.'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)

1  because the Medtronic Defendants are filing it within one year of the commencement

2  of the action on October 10, 2013.

3  **B.      The Remaining Procedural Requirements Are Met**

4       12.    Pursuant to 28 U.S.C. § 1446(a), the Medtronic Defendants have attached

5  copies of the state court docket, including all process, pleadings and orders served on

6  it in the above-reverenced action as Exhibits 1 through 48 to this Notice of Removal.

7       13.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and

8  1441(a), because the United States District Court for the Central District of California

9  is the federal judicial district embracing the Superior Court of California, County of

10  Los Angeles where this action was originally filed.

11       14.    Concurrent with the filing of this Notice, the Medtronic Defendants are

12  serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the

13  Clerk of the Superior Court of California, County of Los Angeles.

14       15.    Although this is the second Notice of Removal filed by the Medtronic

15  Defendants, it is permitted because it is based on "a relevant change of

16  circumstances." *Kirkbride v. Continental Cas. Co.,* 933 F.2d 729, 732 (9th Cir. 1991);

17  *see also Benson v. SI Holding Sys., Inc*., 188 F.3d 780, 782-83 (7th Cir.1999) ("[The

18  text of § 1446(b)] implies that an unsuccessful earlier attempt to remove is not

19  dispositive.  A premature removal may lead to a perfectly justified remand; but when

20  matters change—for example, ***by dismissal of a party whose presence spoiled***

21  ***complete diversity of citizenship***, or by a disclosure that the stakes exceed the

22  jurisdictional amount—the case may be removed ....").

23       16.    By filing a Notice of Removal in this matter, the Medtronic Defendants

24  do not waive their right to object to service of process, the sufficiency of process,

25  jurisdiction over the person, or venue, and they specifically reserve the right to assert

26  any defenses and/or objections to which they may be entitled.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 3 -

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

17.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states.  *Lee v. Am. Nat'l Ins. Co.,* 260 F.3d 997, 1004 (9th Cir. 2001).  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.   The Amount In Controversy Requirement Is Satisfied

18.     The Medtronic Defendants filed this Notice of Removal in good faith and on a reasonable basis in law and in fact that the requisite amount in controversy is being sought in this action.  Where, as here, Plaintiff fails to allege a specific amount of damages in the Complaint, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  When the plaintiff does not expressly seek damages in excess of the jurisdictional minimum, the defendant bears the burden of demonstrating that "it is more likely than not" that the plaintiff's claims meet the federal amount-in-controversy requirement.  *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993) (citation omitted), *overturned on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").  In determining whether the jurisdictional amount has been satisfied, the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir.1993)).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

19.    Here, the allegations in Plaintiff's Complaint demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. The Complaint asserts that Plaintiff underwent a surgical procedure with the Infuse Bone Graft, but "Plaintiff[] now suffer[s] from severe injuries and damages, including but not limited to bone overgrowth causing nerve compression, chronic pain and radiculitis, and emotional distress and mental anguish." [*Ex. 3, Compl. ¶ 266*] Plaintiff further alleges that she has "been forced to undergo multiple painful and expensive revisions surgeries to attempt to remove the BMP-induced bone overgrowth." [*Id. at ¶ 267*]

20.    The Complaint therefore seeks general and specific damages, economic and non-economic damages, punitive and exemplary damages, pre-judgment and post-judgment interest, costs of the suit and any other relief the court deems just and proper. [*See id., at Prayer for Relief*]

21.    Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. For example, in *Gebbia v. Wal-Mart Stores,* 233 F.3d 880, 881 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount. *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that alleged damages to property, travel expenses, emergency ambulance trip, 6-day hospitalization, pain and suffering, humiliation, and an inability to do housework satisfied the jurisdictional amount); *Mendoza v. American Airlines, Inc.*, Case No. 10-7617 RSWL , 2010 WL 5376375, 3 (C.D. Cal. Dec. 22, 2010) (allegations of loss of income, lost benefits and the ongoing emotional and mental distress, punitive damages and attorney's fees sufficient to establish amount in controversy). It is also well established that punitive damages are included in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946

- 5 -

(9th Cir. 2001); *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).  Thus, the jurisdictional amount in controversy requirement under § 1332(a) is satisfied.

**B.    There Is Complete Diversity Of Citizenship Between All Properly Joined Parties**

22.    There is complete diversity between the remaining parties to this action.

23.    The Complaint alleges that Plaintiff Carmela Vitale "is a resident and citizen of California."  [*Ex. 3, Compl. ¶ 14*]

24.    The remaining Plaintiffs named in the Complaint were severed from this action and dismissed pursuant to Judge Green's May 13, 2014 Order.  [*See Ex. 45*]

25.    The Complaint alleges that Defendant Medtronic is a Minnesota corporation which has its principal place of business in Minneapolis, Minnesota.  [*Ex. 3, Compl. ¶ 21*]  *See* 28 U.S.C. § 1332(c)(1); *see also Branson v. Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094, at \*4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic on the ground that Medtronic's principal place of business is in Minnesota).  Thus, Medtronic is a citizen of Minnesota.  *See* 28 U.S.C. § 1332(c)(1).

26.    The Complaint alleges that Defendant Medtronic Sofamor Danek USA, Inc. is a Tennessee corporation with its principal place of business in Memphis, Tennessee.  Thus, MSD is a citizen of Tennessee.  [*Ex. 3, Compl. ¶ 22*]  *See* 28 U.S.C. § 1332(c)(1).

27.    The remaining Defendant, Gary K. Michelson, was dismissed on January 21, 2014.  [*See Ex. 33*]

28.    Finally, none of the remaining DOE defendants have been substituted with any named defendants or been served with process in the state court action.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); *accord Soliman v. Phillip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002); *McCabe*, 811 F.2d at 1339.  Therefore, the citizenship

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 6 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   of DOES 1 through 100 should be disregarded for purposes of diversity

2       29.    Complete diversity exists among the remaining parties, and neither of

3   the remaining defendants is a citizen of the State of California.  28 U.S.C. §

4   1441(b)(2).  Removal based on the diversity of citizenship is therefore proper.

5       30.    For the foregoing reasons, this Court has jurisdiction over this action

6   pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28

7   U.S.C. §§ 1441 and 1446.

8   **III.   CONCLUSION**

9       31.    **WHEREFORE**, the Medtronic Defendants pray that this action be

10  removed from the Superior Court of the State of California for the County of Los

11  Angeles to the United States District Court for the Central District of California.

12

13  Dated:  June 12, 2014                    REED SMITH LLP

14

15                                           By   */s/ Michael K. Brown*
                                                 Michael K. Brown
                                                 Lisa M. Baird
16                                               Mildred Segura
                                                 Elizabeth G. Minerd
17                                               Attorneys for Defendants
                                                 Medtronic, Inc. and Medtronic Sofamor
18                                               Danek USA, Inc.

19

20

21

22

23

24

25

26

27

28